**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

JERRY WARNTJES,

       Plaintiff,

    v.                                             Case Number: 2:26-cv-1154

ECHO LAKE FOODS, LLC,

       Defendant.

## COMPLAINT

Plaintiff Jerry Warntjes bases his Complaint against Defendant Echo Lake Foods, LLC, on the following allegations:

### NATURE OF THE CASE

1. Plaintiff Jerry Warntjes brings suit under the Employee Retirement Income Security Act of 1974, ("ERISA") [29 U.S.C. §1001 *et. seq.*, (1988),] against Defendant Echo Lake Foods, LLC to recover unpaid vested deferred compensation due under a contractual compensation agreement.

2. Warntjes brings additional state law claims for breach of contract, violation of the covenant of good faith and fair dealing, and promissory estoppel.

### JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's ERISA claims is conferred on this Court by 28 U.S.C. §1331, and ERISA §502(e)(2); [29 U.S.C. §1132(e)].

4. Supplemental jurisdiction over Warntjes' claims for breach of contract, violation of the covenant of good faith and fair dealing, and promissory estoppel, is conferred on this court by 28 U.S.C. § 1367.

5. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. §1391 because Defendant is domiciled in the Eastern District and Defendant's unlawful actions occurred in the Eastern District.

## CONDITIONS PRECEDENT

6. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## PARTIES

7. Plaintiff Jerry Warntjes is an adult who resides at 1045 Geneva National Avenue North Lake Geneva, WI 53147.

8. Defendant Echo Lake Foods, LLC ("Echo Lake Foods") is a Delaware limited liability company that operates a breakfast food business from its plant located at 316 W Grove St, Burlington, WI 53105. Echo Lake Foods engages in an industry affecting commerce and has had significant and continuous business contacts throughout the State of Wisconsin.

## OPERATIVE FACTS

9. During 1995, Warntjes commenced employment as General Manager and Vice President of Echo Lake Foods, responsible for operations and buying eggs.

10. Prior to Warntjes joining Echo Lake Foods, the company was not profitable.

11. During the 29 years of Warntjes' management, Echo Lake Foods was extremely profitable.

12. On or about October 14, 2021, Echo Lake Foods offered to Warntjes, and Warntjes accepted, his participation in a profit sharing plan ("the Plan"), a true and correct copy of which is annexed hereto as Exhibit A.

13. The Plan provided the following benefits to Warntjes based on company profit:

| 121520 Echo Lake Profits: | | % Bonus | Annual Bonus | Base $800,000 Total comp |
|---|---|---|---|---|
| Monthly | Annually | | | |
| $250,000 | $3,000,000 | 2.5% | 75000 | $875,000 |
| $500,000 | $6,000,000 | 3.5% | 210000 | $1,010,000 |
| $750,000 | $9,000,000 | 4.5% | 405000 | $1,205,000 |
| $1,000,000 | $12,000,000 | 6.0% | 720000 | $1,520,000 |
| $1,250,000 | $15,000,000 | 8.5% | 1275000 | $2,075,000 |
| $1,500,000 | $18,000,000 | 8.5% | 1530000 | $2,330,000 |
| $1,750,000 | $21,000,000 | 8.5% | 1785000 | $2,585,000 |

14. Echo Lake Foods administered the Plan and paid Warntjes his bonus money calculated pursuant to the Plan on a quarterly or accrual basis during 2022 and 2023.

15. Echo Lake Foods terminated Warntjes' employment on or about April 4, 2024 for reasons unrelated to Warntjes' job performance.

16. As of April 4, 2024, Echo Lake Foods' first quarter profits were $8.75M.

17. Pursuant to the Plan, Echo Lake Foods owes Warntjes bonus money in the amount of $743,000.

18. Echo Lake Foods refused and continues to refuse to pay Warntjes his 2024 first quarter bonus.

19. Echo Lake Foods has unreasonably refused to compensate Warntjes bonus money pursuant to the Plan and ERISA.

20. Echo Lake Foods' refusal to pay has caused Warntjes to lose his bonus money and to incur expenses in his efforts to collect his bonus money.

**FIRST COUNT**
**ERISA §502(a)(1)(B)**

21. As and for a first count, Plaintiff re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

22.     The allegations of this Complaint raise violations of ERISA §§502(a)(1)(B), [29 U.S.C. §§1132(a)(1)(B)] by Echo Lake Foods improper refusal to pay Warntjes his bonus money under the Plan.

**SECOND COUNT**
**BREACH OF CONTRACT**

23.     As and for a second alternate count, Plaintiff re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

24.     The allegations more particularly described above constitute an offer and acceptance of a contract supported by consideration, that was breached by Echo Lake Foods when it refused to pay Warntjes his earned bonus money, causing Warntjes to suffer, without limitation, a loss of the benefits of his bargain.

**THIRD COUNT**
**PROMISSORY ESTOPPEL**

25.     As and for a third alternate count, Warntjes re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

26.     Echo Lake Foods promised Warntjes bonus money, which Warntjes reasonably relied upon.

27.     The allegations more particularly described above constitute circumstances underwhich Warntjes should receive compensation for the detriment caused by his reliance upon the promises that Echo Lake Foods intended for Warntjes to rely upon.

28.     By reason of the foregoing promises by Echo Lake Foods, Warntjes has been caused to suffer a loss of bonus money, litigation expenses, interest and attorney fees.

**FOURTH COUNT**
**COVENANT OF GOOD FAITH AND FAIR DEALING**

29.     As and for a fourth alternate count, Warntjes re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

4

30.     Echo Lake Foods had an affirmative duty pursuant to a covenant of good faith and fair dealing in its performance of business dealings and the enforcement of its contract for Warntjes' right to bonus money.

31.     Echo Lake Foods breached its covenant of good faith and fair dealing with Warntjes when it terminated Warntjes and refused to pay his bonus money.

32.     By reason of the foregoing breach of covenant of good faith and fair dealing by Echo Lake Foods, Warntjes has been caused to suffer compensatory and special damages, including but not limited to loss of benefits, and has otherwise been caused to be damaged thereby.

PLAINTIFF Jerry Warntjes demands relief as follows:

A.     Judgment against Defendant awarding Plaintiff compensatory damages for losses of benefits pursuant to the Plan and ERISA;

B.     Judgment against Defendant awarding Plaintiff compensatory damages for losses of benefits pursuant to Wisconsin common law;

C.     Judgment against Defendant awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney's fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees, pursuant to the ERISA §502(g)(1), [29 U.S.C. §1132(g)]; and

D.     Such other relief as the Court deems just and equitable.

Dated this <u>29th</u> day of June, 2026.

<u>*Electronically signed by Alan C. Olson*</u>
Alan C. Olson, SBN 1008953
Nicholas O. Yurk, SBN 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI  53151
Telephone: (262) 785-9606

5

Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com

6

121520

Echo Lake Profits:

| Monthly | Annually | % Bonus | Annual Bonus | Base $800,000 Total comp |
|---|---|---|---|---|
| $250,000 | $3,000,000 | 2.5% | 75000 | $875,000 |
| $500,000 | $6,000,000 | 3.5% | 210000 | $1,010,000 |
| $750,000 | $9,000,000 | 4.5% | 405000 | $1,205,000 |
| $1,000,000 | $12,000,000 | 6.0% | 720000 | $1,520,000 |
| $1,250,000 | $15,000,000 | 8.5% | 1275000 | $2,075,000 |
| $1,500,000 | $18,000,000 | 8.5% | 1530000 | $2,330,000 |
| $1,750,000 | $21,000,000 | 8.5% | 1785000 | $2,585,000 |

# EXHIBIT A